**WO**                                                                                    RP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR 06-0027-PHX-SMM |
| Plaintiff, | No. CV 06-1046-PHX-SMM (ECV) |
| v. | **ORDER** |
| Jose Jaime Pacheco-Torres, | |
| Defendant/Movant. | |

On April 14, 2006, Movant Jose Jaime Pacheco-Torres, formerly confined in the Central Arizona Detention Center in Florence, Arizona, filed a *pro se* "Motion For Time Reduction By An Inmate In Federal Custody (28 U.S.C. § 2255)" (CR Doc. #26). By Order filed May 17, 2006 (CR Doc. #27), the Court denied the Motion with leave to amend because Plaintiff had failed to use the court-approved form. Movant was given 30 days from the date of filing of the Order to file an amended motion in accordance with the Court's Order. On June 28, 2006, Movant filed an "Amended Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (28 U.S.C. § 2255)" (CR Doc. #28).

**I. Returned Mail**

On July 5, 2006, mail from the Clerk of Court to Movant at his last known address at the Central Arizona Detention Center was returned to the Clerk of Court. The envelope (CV Doc. #5) contained the notations "Return to Sender Not Deliverable as Addressed Unable to Forward." Since then, Movant has failed to file a Notice of Change of Address, or to in any

1    way notify the Court of his whereabouts.  Accordingly, the Clerk of Court has been unable

2    to send mail to the Movant.

3         In the Notice Of Assignment (CV Doc. #2) that the Clerk of Court entered in this

4    matter and mailed to Movant on April 18, 2006, Movant was warned that "[f]ailure to comply

5    with the following rules will result in your document being STRUCK and/or your case being

6    DISMISSED."  One of the rules listed was that "[y]ou must file a Notice of Change of

7    Address if your address changes."

8    **II.  Failure to Prosecute**

9         Movant has the general duty to prosecute this case.  <u>Fidelity Philadelphia Trust Co.</u>

10   <u>v. Pioche Mines Consolidated, Inc.</u>, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the

11   duty of a movant who has filed a *pro se* action to keep the Court apprised of his or her

12   current address, and to comply with the Court's orders in a timely fashion.  This Court does

13   not have an affirmative obligation to locate Movant.  "A party, not the district court, bears

14   the burden of keeping the court apprised of any changes in his mailing address."  <u>Carey v.</u>

15   <u>King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988).  Movant's failure to keep the Court informed of

16   his new address constitutes failure to prosecute.

17        Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the

18   plaintiff to prosecute or to comply with these rules or any order of court, a defendant may

19   move for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31

20   (1962), the Supreme Court recognized that a federal district court has the inherent power to

21   dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)

22   of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover,

23   in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even

24   without notice or hearing.  <u>Id.</u> at 633.

25        In determining whether Movant's failure to prosecute warrants dismissal of the case,

26   the Court must weigh the following five factors: "(1) the public's interest in expeditious

27   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

28   the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

1   availability of less drastic sanctions."   <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v.</u>

2   <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the

3   imposition of sanctions in most cases, while the fourth factor cuts against a default or

4   dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."

5   <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

6         Here, the first, second, and third factors favor dismissal of this case.  Movant's failure

7   to keep the Court informed of his address prevents the case from proceeding in the

8   foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor

9   requires the Court to consider whether a less drastic alternative is available.  Without

10  Movant's current address, however, certain alternatives are bound to be futile.  Here, as in

11  <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing

12  sanctions would only find itself taking a round trip tour through the United States mail."  856

13  F.2d at 1441.

14        The Court finds that only one less drastic sanction is realistically available.  Rule

15  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

16  merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

17  the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Amended

18  Motion and the civil action opened in connection with Plaintiff's original Motion will

19  therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

20  Procedure.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1   **IT IS THEREFORE ORDERED** that the "Amended Motion To Vacate, Set Aside,

2   Or Correct Sentence By A Person In Federal Custody (28 U.S.C. § 2255)" (CR Doc. #28 in

3   CR 06-27-PHX-SMM) and the civil action opened in connection with Plaintiff's original

4   Motion (CV 06-1046-PHX-SMM (ECV)) are **dismissed without prejudice** pursuant to Rule

5   41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court

6   **must enter** judgment accordingly.

7   DATED this 19th day of October, 2006.

8

9

10   Stephen M. McNamee
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28